UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:04-CR-147 |
| | ) | 3:04-CR-148 |
| | ) | (VARLAN/SHIRLEY) |
| NILANTE D. WALLACE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on defendant Nilante D. Wallace's Motion for Resentencing Pursuant to the Retroactive Amendment to the Sentencing Guidelines [Doc. 26], in which defendant requests the Court to resentence him pursuant to 18 U.S.C. § 3582(c)(2), which permits the Court to reduce a defendant's sentence if the sentencing range has been lowered since defendant was initially sentenced. The United States has responded [Doc. 27], stating that the government defers to the Court's discretion on whether to grant defendant's motion, and, if so, to what extent the sentence is reduced. Defendant has filed a Response to Memorandum of the United States Probation Office [Doc. 28]. Defendant's motion is now ripe for determination.

**I.  Legal Background**

A district court may modify a defendant's sentence after judgment has been entered only if modification is permitted by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th

Cir. 2001). Modification is permitted by 18 U.S.C. § 3582(c)(2) when the sentencing range for the offense for which the defendant was sentenced has been lowered:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Through Amendment 706 to the Sentencing Guidelines, effective November 1, 2007, the Sentencing Commission lowered the sentencing ranges for most cocaine base offenses by two offense levels in an effort to correct the disparity in sentences between defendants punished for cocaine base offenses and defendants punished for other drug offenses, including cocaine powder offenses. *See* U.S.S.G. § 2D1.1. On December 11, 2007, the Commission made the amended guideline range retroactive,[1] effective March 3, 2008. *See* U.S.S.G. § 1B1.10. Accordingly, the Court has discretion under 18 U.S.C. § 3582(c)(2) to reduce a defendant's sentence for a cocaine base offense, after considering the § 3553 factors, if the reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

The Sentencing Commission has issued a general policy statement regarding reduction of sentences as a result of the amendments to certain guideline ranges, including the ranges

---

[1]The Commission has included Amendment 706, as amended by Amendment 711, among the amendments which can be retroactively applied. U.S.S.G. § 1B1.10(c). *See* U.S. Sentencing Guidelines Manual app. C., amend. 713 (2008).

for most cocaine base offenses. U.S.S.G. § 1B1.10. The policy statement addresses a court's discretion in reducing a defendant's sentence:

> (A) In General—Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.
>
> (B) Exception—If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.
>
> (C) Prohibition—In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

U.S.S.G. § 1B1.10 (b)(2). In addition to these limits, the Sentencing Commission states that a court must consider the § 3553 factors and the danger to the public created by any reduction in defendant's sentence, and a court may consider defendant's post-sentencing conduct. *Id.* at cmt.. n.1(B).

**II.     Analysis**

Defendant pled guilty to and was convicted of distributing more than five (5) grams of cocaine base ("crack cocaine"), in violation of 21 U.S.C. § 841(a)(1), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). His sentence was based on the cocaine base offense guidelines in effect prior to November 1, 2007, and thus, is affected by Amendment 706 to the Sentencing Guidelines. Accordingly, the Court may reduce

3

defendant's sentence after considering the 18 U.S.C. § 3553 factors if it finds that a reduction is consistent with the applicable policy statement.

By stipulation of the parties, defendant was held accountable for at least five (5), but not more than twenty (20), grams of crack cocaine for the violation of 21 U.S.C. § 841(a)(1), resulting in a base offense level of 26 according to the guidelines in effect at the time of defendant's original sentencing. The base level for a violation 18 U.S.C. § 922(g)(1) was 20. Pursuant to U.S.S.G. § 3D1.4, which articulates the method for calculating a combined offense level for multiple counts, the highest offense level—here, 26 for the drug offense in violation of § 841(a)(1)— was then increased by one level for the firearms offense, resulting in a combined adjusted offense level of 27. Defendant's combined adjusted offense level was then reduced by three levels for acceptance of responsibility pursuant to U.S.S.G. §§ 3E1.1(a) and (b), resulting in a total offense level of 24. Defendant's criminal history category is III. Accordingly, defendant faced a sentencing guideline range of 63 to 78 months. Defendant was also subject to a mandatory minimum sentence of five years for the drug offense. On March 14, 2005, the Court sentenced defendant to 75 months, which was in the upper area of the guideline range.

After the amendment to the sentencing guidelines, defendant's base offense level for his drug offense in violation of § 841(a)(1) is 24. Because that is within four levels of the base offense level of the firearms offense, U.S.S.G. § 3D1.4 provides that the highest offense level—now 24—is increased by two levels, for a combined adjusted offense level of 26. Applying the same three level reduction as was originally applied, defendant's new total

4

offense level is 23. With a mandatory minimum of five years for the amended guideline range of 57 to 71 months, defendant's effective amended guideline range is 60 to 71 months.

Defendant argues that the application of U.S.S.G. § 3D1.4 in his case produces an unintended and perverse result. Defendant states that under the guidelines prior to the amendment, defendant received only a one additional level adjustment because the drug offense resulted in defendant being sentenced to a guideline range that was twice the guideline range of the firearm offense. However, under the amended guidelines, because defendant's base offense level for the drug offense is decreased by two levels, when this is considered with the firearm offense, defendant now receives two additional levels added to his combined adjusted offense level, instead of the one that he originally received. This occurred because the firearm offense now falls within four offense levels of the drug offense.

Defendant requests that the Court find that he should receive only one additional level for the multiple count adjustment pursuant to U.S.S.G. § 3D1.4. This would result in a total offense level of 22, which, at a criminal history category of III, would give defendant a guideline range of 51 to 63 months. Accordingly, defendant requests that he be resentenced to a period of incarceration of 60 months.

Defendant's argument that this Court should disregard U.S.S.G. §§ 1B1.10(b)(1) and 3D1.4 and simply subtract two levels from defendant's previous final offense level instead of viewing that offense level in conjunction with the other relevant guidelines must fail. Amendment 706 affected only U.S.S.G. § 2D1.1(c)—the portion of the guidelines that sets forth the *base* offense level for crack cocaine offenses. All other guideline provisions that

5

affect the *final* offense level remain unchanged. *See* U.S.S.G. § 1B1.10(b)(1). *United States v. Booker*[2] does not free the district court to disregard those other guideline provisions and simply subtract two levels from defendant's final offense level without regard to the other relevant guideline considerations. *See Booker*, 543 U.S. 220 (2005); *see, e.g., Gall v. United States*, 552 U.S. 38 (2007).[3] Amendment 706 resulted in a reduction of only one level in defendant's case because defendant was convicted of a firearm offense as well as a crack cocaine offense. While the severity of the crack cocaine offense was lessened by Amendment 706, the *relative* impact of the firearm offense on defendant's guideline range increased. *See* U.S.S.G. § 3D1.4; *see also United States v. Quinn*, 576 F.3d 292, 295-97 (6th Cir. 2009).

In regard to the 18 U.S.C. § 3553 factors, the Court considers the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide defendant with needed education

---

[2]Under *Booker*, district judges must correctly perform the calculation of the advisory guidelines range before exercising discretion in selecting a sentence. *See, e.g. Gall*, 552 U.S. 38 ("[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range."); *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007) (reviewing a sentence to determine whether the district court "properly calculated the applicable advisory Guidelines range").

[3]Although the Sentencing Guidelines are advisory, the Supreme Court has nevertheless instructed the district courts to consult the advisory sentencing range as "the starting point and initial benchmark" of its sentencing analysis. *Gall*, 552 U.S. at 590.

and training, medical care, or other correctional treatment; the kinds of sentences available and the sentencing range; the need to avoid unwarranted disparities; and the need to provide restitution to any victims. *See* 18 U.S.C. § 3553a.

Amendment 706 itself addresses some of these factors, particularly the need to avoid unwarranted sentencing disparities between offenses for cocaine based offenses and cocaine powder offenses. The Court previously considered the § 3553 factors at defendant's sentencing and ultimately determined that a sentence of 75 months, one at the upper area of the guideline range, was appropriate. The Court will now place particular emphasis on new information before the Court relevant to the § 3553 factors in determining the appropriate sentence. A similar revised sentence, given the reduced guideline range, would be 68 months.

Records from the Bureau of Prisons indicate that defendant has had no disciplinary action taken against him while in custody. The records indicate that defendant communicates well with staff and other inmates, has used his time in custody in an appropriate and productive manner, and has received good work performance evaluations throughout his period of incarceration. Additionally, defendant is also currently receiving technical training in machine operation.

The Court also considers the danger to the public as the result of any reduction in defendant's sentence. Defendant is listed as a criminal history category III offender and he has two prior convictions relating to violence: solicitation to commit second degree murder and domestic violence. However, besides these findings, which were included in the

7

Presentence Report prepared for defendant's sentencing, the United States Probation Office was unable to locate any additional information. These prior convictions relating to violence do present a risk of danger to the community, but, even given a reduction in his sentence, defendant is not set for an immediate release.

The Court has considered the § 3553 factors, taking into account defendant's post-sentencing conduct, and the danger to the public created by any reduction in defendant's sentence, and finds that a reduction in defendant's sentence is appropriate. The Court is particularly influenced by the need to avoid unwarranted sentence disparities, the problem Amendment 706 is designed to address. The Court rejects defendant's argument regarding the application of the multiple count conviction adjustment of U.S.S.G. § 3D1.4 because of the reasons stated above. Because the Court does not have any new information regarding defendant's conduct that causes it to reach a different conclusion under the § 3553 factors, the Court will reduce defendant's sentence to 68 months, within the effective amended guideline range and the mandatory minimum statute.

**III. Conclusion**

Accordingly, defendant's Motion for Resentencing Pursuant to the Retroactive Amendment to the Sentencing Guidelines [Doc. 26] is **GRANTED** and defendant's sentence is hereby reduced to 68 months or time served, whichever is greater.

IT IS SO ORDERED

                                        s/ Thomas A. Varlan
                                        UNITED STATES DISTRICT JUDGE